IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| BRYAN K. LUGO, | * | |
| Plaintiff, | * | |
| v. | * | CV 125-291 |
| U.S. BANK TRUST NATIONAL ASSOCIATION, Owner-Trustee for VRMTG Asset Trust, et al., | * | |
| Defendants. | * | |

**O R D E R**

Presently before the Court is Plaintiff's motion for a temporary restraining order. (Doc. 2.) Plaintiff seeks relief to prevent "Defendants and all persons acting in concert with them" from "[e]xecuting the Writ of Possession" awarded by the Superior Court of Columbia County, Georgia on December 3, 2025, "[e]ntering or approaching Plaintiff's home," "[r]emoving Plaintiff or his family," or "[a]cting upon or enforcing the fraudulent [Deed Under Power] or Assignment." (Id. at 5; Doc. 2-2, at 61-63.) For the reasons below, Plaintiff's motion is **DENIED**.

**I. BACKGROUND**

Plaintiff initiated this action and moved for a temporary restraining order on December 4, 2025. (Docs. 1, 2.) Plaintiff

alleges this case arises from the ongoing unlawful seizure of his real property located at 500 Oconee Circle, Evans, Georgia 30809 (the "Property") by private mortgage entities that have relied on counterfeit and forged documentation. (Doc. 1, at 1.) Plaintiff states he is the owner of the Property and that a foreclosure sale of the Property scheduled for April 1, 2025 did not occur. (Id. at 3; Doc. 1-2, at 123.) Defendant originally filed a dispossessory action against Plaintiff in the Magistrate Court of Columbia County (Case No. 2025-SCD-1612), in which the court found Plaintiff was a tenant at sufferance and awarded Defendant a writ of possession. (Doc. 2-2, at 58.) The case was appealed to the Superior Court of Columbia County. (Id. at 30.)

On December 3, 2025, the Superior Court of Columbia County issued a final judgment granting summary judgment, declaring Plaintiff to be a tenant at sufferance, and awarding Defendant a writ of possession for the Property. (Id. at 57-63.) The Superior Court found the foreclosure sale occurred, Defendant was the successful bidder based on the recorded Deed Under Power, and Plaintiff is currently in possession of the Property. (Id. at 58, 61.) The Superior Court also granted Defendant's motion to compel payment of rent into the registry of the court in the event of an appeal, instructing Plaintiff to pay the fair market value of monthly rent for the Property from April 2025 forward until the appeal is decided. (Id. at 62.) If the rent was not paid, the writ of possession would issue immediately, and Defendant would

2

receive full possession of the Property. (Id. at 62-63.) Plaintiff appealed the Superior Court's order to the Georgia Supreme Court on November 25, 2025. (Doc. 2-1, at 85-92.) Plaintiff filed no documentation showing the required rental funds were deposited into the registry of the court.

The property dispute at issue is ongoing in state court. Plaintiff moves for a temporary restraining order to "[p]reserve all property rights pending adjudication of this action" and requests a preliminary injunction hearing. (Doc. 2, at 5.) Defendant has not responded to Plaintiff's complaint or motion for temporary restraining order.[1]

## II. LEGAL STANDARD

The court reviews the applicable legal standards below.

### A. Temporary Restraining Order

Under Rule 65(b), a court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65. Granting a temporary restraining order is proper only if the moving party establishes the following four elements:

---

[1] Summons were issued to all Defendants on December 4, 2025 (Doc. 3), but there has been no indication of service on the docket as of the date of this Order.

3

> (1) a substantial likelihood of success on the merits;
> (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schiavo v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

Both temporary restraining orders and preliminary injunctions are extraordinary remedies that are "not to be granted unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites." Redford v. Gwinnett Jud. Cir., 350 F. App'x 341, 345 (11th Cir. 2009).

**B. Younger Doctrine**

Under the Younger v. Harris, 401 U.S. 37 (1971) doctrine and its resulting case law, district courts must "refrain from enjoining pending state court proceedings except under special circumstances." Old Republic Union Ins. v. Tillis Trucking Co., 124 F.3d 1258, 1261 (11th Cir. 1997) (citation omitted). While Younger dealt exclusively with state criminal proceedings, the principles of the doctrine "have been extended to prohibit federal courts from enjoining state court civil proceedings where important state interests are involved." Id. at 1261. Federal courts have specifically avoided interfering with pending "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." New Orleans Pub. Serv., Inc. v. Counsil of City of New Orleans, 491 U.S. 350, 368 (1989) (citations omitted).

4

Younger abstention is therefore appropriate if: (1) there is an 'ongoing judicial proceeding'; (2) the state proceeding 'implicate[s] important state interests'; and (3) there is 'an adequate opportunity in the state proceeding[] to raise constitutional challenges.' New Ga. Project, Inc. v. Att'y Gen., State of Georgia, 106 F.4th 1237, 1242 (11th Cir. 2024) (quoting Middlesex Cnty. Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

## C. Rooker-Feldman Doctrine

Under the Rooker-Feldman doctrine, "federal district courts lack jurisdiction to review a state court's final judgment." Symonette v. Aurora Loan Services, LLC, 631 F. App'x 776, 778 (11th Cir. 2015) (citation omitted). "The Rooker-Feldman doctrine . . . is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

## III. DISCUSSION

Without needing to analyze whether he can "clearly establish" the four elements necessary for an emergency temporary restraining order, Plaintiff's motion fails because the Court lacks jurisdiction to intervene in the ongoing state court appeal proceedings. The Younger and Rooker-Feldman doctrines apply along

5

with the longstanding policy of allowing pending state proceedings to continue free of federal court interference.

The Superior Court Order falls into a category defined by precedent where the federal court should abstain from enjoining state court action: when there are "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." New Orleans Pub. Serv., Inc., 491 U.S. at 368. The order at issue is required for the state court to perform a judicial function: overseeing in-state property disputes and evictions of state residents.

It is clear all three Middlesex requirements for Younger abstention are met. First, the order relates to ongoing state judicial proceedings. Plaintiff appealed the Superior Court orders to the Georgia Supreme Court on November 25, 2025, and the case is pending. (Doc. 2-1, at 85.) Second, the proceedings implicate important state interests. This case involves a dispute over Georgia real estate. The state of Georgia has an important interest in resolving cases about property located in Georgia and evictions of Georgia residents. Third, there is an adequate opportunity in the state proceedings to raise constitutional challenges. Plaintiff has alternative avenues for challenging the actions of the state court, such as the Supreme Court appeal he has already filed, without involving the federal court system. He must utilize those methods before calling on the federal court to intervene.

6

Further, under Rooker-Feldman, the Superior Court's order granted Defendant's motion for summary judgment and awarded Defendant a Writ of Possession. (Doc. 2-2, at 61.) The Superior Court found proper demand was made for possession of the Property, Plaintiff was served with the Dispossessory Action, Plaintiff remains in possession of the Property, and the issues raised by Plaintiff did not present a question of fact for a jury to decide; thus, summary judgment was appropriate. (Id. at 60-61.) Therefore, Plaintiff lost in state court because the Writ of Possession is the final judgment; he claims he will suffer injury upon execution of the Writ of Possession because his family will be evicted from their residence; the grant of summary judgment and award of Writ of Possession occurred on December 3, 2025, before the first filing in this Court; and Plaintiff is requesting the federal court review and reject the state court judgment. (Id. at 61, 63; Doc. 2, at 4.) Plaintiff's motion essentially invites the Court to render the Superior Court judgment ineffective, which is improper. See Carr v. U.S. Bank as trustee for TBW Mortgage Backed Trust Series 2006-6, 793 F. App'x 971, 974 (11th Cir. 2019). The four factors of the Rooker-Feldman doctrine are met; thus, the Court "lack[s] jurisdiction to review [the] state court's final judgment." Symonette, 631 F. App'x at 778 (citation omitted).

Based on the above reasons, this Court cannot enjoin enforcement of the Superior Court's order awarding the Writ of Possession.

7

## IV. CONCLUSION

Given the Younger and Rooker-Feldman doctrines apply, this Court lacks jurisdiction to intervene in the ongoing state court appeal proceedings. Accordingly, Plaintiff's motion for a temporary restraining order (Doc. 2) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of December, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA